# IN THE COURT OF APPEALS OF IOWA

No. 24-0672
Filed October 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDREW JAMES ALLEN BREWER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

        A defendant appeals his conviction for second-degree sexual abuse. **AFFIRMED**.

        Daniel M. Northfield, Urbandale, for appellant.

        Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

        Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**TABOR, Chief Judge.**

A jury convicted Andrew Brewer of sexual abuse in the second degree. On appeal, Brewer contests the sufficiency of the evidence supporting his conviction. He also argues that his right to a speedy trial was violated. After careful review of Brewer's claims, we find no grounds to reverse his conviction.

## I.       Facts and Prior Proceedings

In March 2021, Waterloo police received a report from the Iowa Department of Health and Human Services after Brewer confessed to his wife, Yolanda, he had "molested" their seven-year-old daughter, A.B. During an interview at the Allen Hospital Child Protection Center, A.B. disclosed that on many occasions Brewer had touched his penis to her vagina, buttocks, and mouth. A.B. also reported that Brewer threatened to kill her or her mother if she told anyone of the touches.

The State charged Brewer with sexual abuse in the second degree in violation of Iowa Code section 709.3(1)(b) (2022). In December 2022, Brewer filed waivers of his right to a speedy trial within ninety days and one year. Proceedings had been paused as Brewer had withdrawn an earlier waiver of speedy trial and later sought a stay to determine his competency to stand trial. Trial began in February 2024.

At trial, A.B.—then in fourth grade—testified: "My dad would touch me." When asked when that started, she replied: "I don't know. I think I was, like, three." A.B. said when her mother was at work, Brewer would touch her mouth with his penis and mouth and would touch her butt and vagina with his penis. A.B. recalled that the abuse happened "a lot of times." During the abuse, Brewer would tell A.B.

to "stop moving" and "no." A.B. also remembered that Brewer "would do this weird thing afterwards and something would come out" of his penis. She described the ejaculate as being "like liquid." When asked why she did not tell her mother about the abuse, A.B. explained that Brewer threatened to "kill us all."

Yolanda also testified, recalling that Brewer told her "that he ha[d] been touching our daughter and that it ha[d] been going on since she was about three." Yolanda told the jury that Brewer said "he molested our daughter" but did not tell her the extent of the molestation.

The jury found Brewer guilty as charged. The court sentenced him to twenty-five years, with a mandatory minimum term of seventeen and one-half years. Brewer appeals.

## II.    Analysis

### A. Sufficiency of the Evidence

"We review sufficiency of the evidence claims for the correction of errors at law." *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). "We consider all evidence, not just the evidence supporting the conviction, and view the evidence in the light most favorable to the State, 'including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *State v. Ernst*, 954 N.W.2d 50, 54 (Iowa 2021) (citation omitted). Substantial evidence exists if the record "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022) (citation omitted). "Evidence which merely raises suspicion, speculation, or conjecture is insufficient." *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992). When reviewing for substantial evidence, "it is not the province of the court to resolve conflicts in

the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022) (cleaned up).

Brewer contends that the evidence was insufficient to support his conviction. For the jury to find Brewer guilty of sexual abuse in the second degree, it had to find these elements:

> 1. Between the 1st day of January, 2016 and the 31st day of March, 2021, [Brewer] performed a sex act with [A.B.].
> 2. [Brewer] performed the sex act while [A.B.] was under the age of 12 years.

Brewer contends that because A.B. first responded, "I don't know" when asked when the abuse started, "there is no certainty beyond a reasonable doubt that any inappropriate behavior on behalf of [Brewer] occurred" between January 1, 2016, and March 31, 2021.[1] Rather, according to Brewer, A.B. "took a wild guess," and it is unclear how she could remember anything that happened to her when she believed she was "like three." Thus, according to Brewer, A.B.'s testimony lacks credibility.

We reject Brewer's contention for three reasons. First, the testimony of a victim alone can constitute substantial evidence in a sexual abuse prosecution. *See State v. Donahue*, 957 N.W.2d 1, 10–11 (Iowa 2021). And A.B. provided ample details of the repeated sex acts, despite her initial uncertainty about her age when they started.

---

[1] We acknowledge the instruction covered a period over five years but note that our court has upheld a conviction in a child sexual abuse case where the marshalling instructions covered a period of six years. *See State v. Hernandez*, 20 N.W.3d 502, 508 (Iowa Ct. App. 2025) (en banc).

Second, while Brewer questions A.B.'s credibility by arguing that she was just guessing about her age, our supreme court has made clear: "Inconsistencies and lack of detail are common in sexual abuse cases and do not compel a jury to conclude that the victim is not credible or that there is insufficient evidence to support a guilty verdict." *Id.* at 11. Contrary to Brewer's argument, A.B. detailed the nature and the extent of the sexual abuse.

Lastly, as it relates to when the abuse happened, the State was not required to prove the exact date of the abuse, only that it happened between January 1, 2016, and March 31, 2021. *See State v. Yeo*, 659 N.W.2d 544, 550–51 (Iowa 2003); *State v. Wilde*, 987 N.W.2d 486, 494 (Iowa Ct. App. 2022) (declining "to impose a requirement of specificity in child sexual abuse cases that simply does not exist in the law and would be nearly impossible to satisfy"). A reasonable jury could conclude from A.B.'s testimony that Brewer performed a sex act against her during that time frame.

Brewer also takes issue with Yolanda's testimony, arguing that because he did not explain the extent of the "molestation" to her there was insufficient proof that he committed sexual abuse in the second degree. But even if Yolanda's testimony lacked specificity, A.B.'s testimony provided the necessary specifics on its own. Her testimony did not need to be corroborated and was sufficient to constitute substantial evidence of Brewer's guilt. *See State v. Kraai*, 969 N.W.2d 487, 491 (Iowa 2022).

In sum, the State presented substantial evidence that Brewer committed a sex act with A.B. between January 1, 2016, and March 31, 2021, and the act occurred while A.B. was under the age of twelve. The State's proof did more than

create speculation, suspicion, or conjecture. Rather, the testimony of A.B. and Yolanda could convince a reasonable jury of Brewer's guilt beyond a reasonable doubt. We thus affirm his conviction.

## B. Speedy Trial

Brewer also claims his December 2022 speedy trial waivers were invalid because the deadline to file those waivers had come and gone. But we cannot address this issue because Brewer did not raise it in the district court. "Matters not raised before the trial court cannot be raised for the first time on appeal, including constitutional issues." *State v. Hamilton*, 309 N.W.2d 471, 476 (Iowa 1981).

In his brief Brewer concedes: "In the event that it is determined that this issue was not preserved, the Appellant requests that this issue be preserved for postconviction relief." We no longer need to preserve claims for postconviction relief. *See* Iowa Code § 814.7 ("The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings."). So, we affirm the conviction.

**AFFIRMED.**